Filed 6/15/26  In re M.E. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re M.E., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH & HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. V.E., Defendant and Appellant. | D086973 (Super. Ct. No. J521560) |

APPEAL from an order of the Superior Court of San Diego County, Lilys D. McCoy, Judge.  Dismissed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Damon M. Brown, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Kristen M. Ojeil, Deputy County Counsel, for Plaintiff and Respondent.

V.E. (Mother) appeals the juvenile court's order giving her supervised visitation with M.E. (Child) and the San Diego County Health and Human Services Agency (Agency) discretion to lift supervision. Given the juvenile court's subsequent order giving Mother unsupervised visitation, we dismiss this appeal as moot and decline to exercise our inherent discretion to consider its merits.

## FACTUAL AND PROCEDURAL BACKGROUND

The Agency received a referral after Child tested positive for amphetamine and methamphetamine in February 2025, shortly after birth. During the ensuing investigation, C.E. (Father) shared with the Agency that, while in the hospital room with Child in the crib, Mother lunged at Father, scratching his collarbone. After being discharged from the hospital, Mother was arrested based on that incident. Mother had a history of methamphetamine use and had attacked Father in December 2024. Father told the Agency that he uses marijuana and, on occasion, cocaine, which he admitted to using several days before.

Child went home from the hospital with Father. On February 11, 2025, the Agency created a safety plan with Father and maternal grandmother, which the parties violated six days later by permitting Mother to return to the home. The parents declined to create a new safety plan.

On February 19, 2025, the Agency filed a juvenile dependency petition on behalf of Child under Welfare and Institutions Code[1] section 300, subdivision (b)(1)(D) based on Child testing positive for amphetamine and methamphetamine and under subdivision (b)(1)(A) based on the confrontation between Mother and Father near Child.

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

At the detention hearing on February 24, 2025, the court found that the Agency made a prima facie showing supporting removal and ordered that Child be detained with Father on condition (among others) that Mother remain out of the home. The order provided for liberal supervised visitation for Mother, giving discretion to the Agency to lift supervision and expand visitation.

Mother promptly began services and drug testing. She participated in domestic violence classes, parenting classes, and a substance abuse program.

On April 16, 2025, the court held a contested jurisdiction and disposition hearing, sustaining the petition and making a true finding on both counts, declaring Child a dependent of the court, and placing her with Father. Mother's visitation remained supervised, and the Agency retained discretion to lift supervision and increase visitation.

In May 2025, Mother was approved for unsupervised visits. Two months later, however, the social worker found Mother in the home with Child and Father during an unannounced visit. Before Mother left, Father tried to push the door shut on her, and she pushed back on the door while Father held Child. Based on that incident, the Agency filed a supplemental petition under section 387 alleging Father was no longer able to provide adequate care and supervision for Child. Child moved to maternal grandmother's home with Father's agreement.

At the contested detention hearing on the section 387 petition on July 8, 2025, the court found the Agency made a prima facie showing and the change in placement out of Father's home was necessary. The court ordered liberal, separate, supervised visitation for the parents, with the Agency having discretion to lift supervision and increase visitation.

3

On September 5, 2025, the court held a contested jurisdiction and disposition hearing on the section 387 petition. Mother requested unsupervised visitation based on her immediate and consistent participation in services. The Agency and Child's counsel sought removal of Child from Father's home and supervised visitation due to the May 2025 incident. The Agency noted Mother's continued lack of insight regarding her participation in the incident and concerns regarding parents' honesty with the Agency. The court made a true finding on the petition. It ordered Child removed from Father's home and placed with maternal grandmother, specifying that both parents be allowed supervised visitation. The order provided the Agency with discretion to lift supervision of visits, permit joint visits, begin overnight visits, and allow a 60-day trial visit in the parents' home.

## DISCUSSION

Mother appeals the September 5, 2025, order. She argues the juvenile court abused its discretion by ordering supervised visitation and vesting the Agency with the authority to lift supervision of her visits with Child. The Agency filed a request for judicial notice of a May 6, 2026, minute order showing that the juvenile court ordered liberal unsupervised visitation for Mother at the Agency's request. We granted the request for judicial notice on May 22, 2026.

The Agency argues (1) Mother forfeited the appeal by failing to object to the juvenile court's visitation order at the hearing; (2) the appeal is moot based on the juvenile court's May 6, 2026, order of unsupervised visitation for Mother; and (3) the juvenile court did not err by permitting the Agency to lift supervision from Mother's visitation. We agree with the Agency that the court's subsequent order for unsupervised visitation renders moot Mother's

4

appeal of the prior order for supervised visitation, and we decline to exercise our discretion to consider the merits of the appeal.

"A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.] [¶] This rule applies in the dependency context." (*In re D.P.* (2023) 14 Cal.5th 266, 276.) Here, it is impossible to provide effective relief where the juvenile court has already ordered unsupervised visitation for Mother. Mother's requested "remedy is reversal with directions to the court to set the specific metrics for determining when Mother could qualify for unsupervised visitation."

Nonetheless, we have " 'inherent discretion' to reach the merits of the dispute." (*In re D.P., supra*, 14 Cal.5th at p. 282.) In general, courts exercise such discretion "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' " (*Ibid.*) In dependency cases, relevant factors include: "whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or ' "could have other consequences for [the appellant], beyond jurisdiction" ' "; "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct"; and whether "the findings against the parent who has appealed are based on more serious conduct." (*Id.* at pp. 285–286.)

We decline to exercise jurisdiction here, where the court's order for supervised visitation with Agency discretion to lift supervision will not be prejudicial to or negatively impact Mother in this or future proceedings and did not involve findings on her conduct. Nor is there any broad issue of public interest presented or material questions that remain to be decided. Although it is possible that Mother will revert to supervised visits, it seems unlikely at this late stage of the case, particularly considering the extent of Mother's progress and the fact that her unsupervised visitation in the May 2026 order came at the request of the Agency.

## DISPOSITION

We dismiss this appeal as moot.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

6